**Mihai PRIALA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71005.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reem O. Awad–Rashmawi, Law Office of Reem O. Awad–Rashmawi, Sacramento, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Harry R. Marshall, Jr., Office of International Affairs U.S. Dept. of Justice—Criminal Div., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Mihai Priala, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") de-

** This disposition is not appropriate for publication and may not be cited to or by the

cision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

■ Priala claims to fear persecution by the Romanian police on account of his Pentecostal religion. Priala's testimony, however, showed a lack of knowledge of the basic principles of Pentecostalism, despite his proclaimed faith and upbringing as a preacher's son. Priala's testimony was also inconsistent about whether he left Romania illegally or with a passport and the permission of the police. These inconsistencies go to the heart of Priala's claim of persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Priala voluntarily returned to Romania in 2000 and his father has continued to preach and live in Romania without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (a claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident). Substantial evidence thus supports the BIA's adverse credibility determination. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997).

■ By failing to qualify for asylum, Priala necessarily failed to meet the more stringent standard of proof required for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

■ Because Priala's CAT claim is based on the same testimony that the

courts of this circuit except as provided by 9th Cir. R. 36–3.

agency found not credible, and he points to no other evidence the agency should have considered, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**